DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for first degree involuntary manslaughter entered on a finding of guilty after a no contest plea in the Sandusky County Court of Common Pleas. Because we conclude that the court properly denied appellant's suppression motion, we affirm. *Page 2 
 {¶ 2} On the morning of September 22, 1999, police found the body of James Chesnutte, Sr., at his Fremont, Ohio home. Chesnutte had been beaten with a claw hammer and multiply stabbed with both a steak knife and an ornamental sword. The coroner found that the wounds inflicted by any one of these weapons independently would have been sufficient to cause death. Missing from Chestnutte's home was a supply of prescription drugs he normally kept.
 {¶ 3} At the time of Chesnutte's death, police apparently interviewed appellant, Ronald E. Hintz, without result. In April 2005, appellant's name again was suggested in association with Chesnutte's death. Indeed, Fremont police traveled to appellant's home in Knoxville, Tennessee, again to interview him: again without result.
 {¶ 4} On June 17, 2005, appellant presented himself at Knoxville's University of Tennessee Medical Center, apparently suffering from the ill effects of drug and alcohol abuse. While in the emergency room of the medical center, appellant sought out a uniformed hospital security officer. According to the security officer, appellant said to him, "I am going to make you a hero. I am wanted for murder in Ohio." Appellant directed the security officer to call police in "Freeman" to check.
 {¶ 5} The security officer called the Knox County Tennessee Sheriffs Department who provided him with a telephone number for the Fremont police. In the presence of appellant, the security officer called a Fremont homicide detective. The security officer later testified that during the call appellant abruptly began to get up from his stretcher and said, "tell him it's a guy named `Jim.' I killed him and took his dope." *Page 3 
 {¶ 6} As the result of the call from the medical center security officer, Fremont police contacted a homicide detective with the Knox County Sheriffs Office and asked him to go to the hospital to take appellant's statement. The Knox County detective first read appellant his Miranda warnings, obtained a written waiver, then conducted a seven minute recorded interview. During the interview, appellant reiterated that he had killed someone named Jim in Fremont, Ohio, while attempting to get drugs from the victim. Following this appellant stated, "I ain't saying no more."
 {¶ 7} Tennessee authorities arrested appellant on an Ohio warrant. On June 20, 2005, a Sandusky County Grand Jury handed down a five count indictment charging appellant with aggravated murder, two counts of aggravated robbery and two counts of aggravated burglary. Extradited to Ohio, appellant pled not guilty to the indictment and moved to suppress his Tennessee statements.
 {¶ 8} The trial court conducted a hearing on appellant's motion to suppress. The court found appellant's motion well-taken, in part, suppressing statements made by him after he stated he was not saying any more. The remainder of his statements were found admissible. After this ruling, the state agreed to nolle prosequi the indictment in return for appellant's amended plea of no contest to a single count of first degree involuntary manslaughter. The trial court accepted the plea, found appellant guilty and imposed a nine year term of incarceration. From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following single assignment of error: *Page 4 
 {¶ 9} "1. The trial court erred by denying the appellant's motion to suppress evidence which was obtained in violation of the appellant's rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as well as statutory law of the state of Tennessee."
 {¶ 10} Appellate review of a motion to suppress involves mixed questions of fact and law. State v. Long (1998), 127 Ohio App.3d 328,332. At the hearing on the motion, the trial court acts as the trier-of-fact, evaluating the evidence and assessing the credibility of the witnesses. State v. DePew (1988), 38 Ohio St.3d 275, 277. On findings of fact, then, the court is given due deference and will not be overturned when there is competent, credible evidence in support of its findings. State v. Harris (1994), 98 Ohio App.3d 543, 546. Accepting the trial court's factual findings, the reviewing court must then determine, as a matter of law, whether the facts warrant suppression of evidence.State v. Young, 6th Dist. No. E-04-013, 2005-Ohio-3369, ¶ 17.
 {¶ 11} "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v.Arizona (1966), 384 U.S. 436, 444. As a threshold, a suspect must be informed of his rights, including the right to remain silent and to counsel, before he or she may be found to have voluntarily, knowingly and intelligently waived them. Id. "Custody" involves formal arrest or a restriction of freedom of movement to the degree associated with formal arrest. Stansburg v. California (1994), 511 U.S. 318, *Page 5 
321. A police procedure of "two stage interrogation" — obtaining a confession, then delivering Miranda rights, then reobtaining the confession — results in inadmissible statements. Missouri v.Seibert (2004), 542 U.S. 600, 617.
 {¶ 12} In this matter, the trial court grouped appellant's statements into three categories: (1) unsolicited comments made to the hospital security officer, (2) initial statements made to a Knox County detective, and (3) statements made to the detective after appellant indicated he no longer wished to talk. This last category the trial court suppressed and is not now at issue.
 {¶ 13} With respect to appellant's statements to hospital security, these were wholly unsolicited, not made while appellant was in custody, nor, it would appear, as the result of police interrogation. As a result, these statements are fully admissible.
 {¶ 14} There was conflicting testimony with respect to the Knox County detective's interrogation. The detective reported that his conversation with appellant prior to initiating the recorded Miranda warnings was merely introductory. Appellant characterized this talk as more substantive, so as to support a "two stage interrogation" assertion. The trial court expressly found the detective a more credible witness, a finding we will not disturb. Consequently, we find no basis inMiranda for suppressing appellant's confession.
 {¶ 15} Appellant asserts two other arguments. First, he suggests that he had a right to privacy in his emergency room cubicle and that the Knox County detective violated that right when he entered it to take appellant's statement. Appellant cites *Page 6 
several cases which suggest a privacy right to one's personal belongings while in an emergency room, but none that establishes such a right in the space one occupies. Accordingly, this argument is unpersuasive.
 {¶ 16} Appellant also insists that his rights under Tennessee law were violated when he was not taken before a judge or magistrate "with all practicable speed" after his arrest. See Tenn. Code Ann. § 40-0-104 (2005). The trial court properly, we believe, found no violation of Tennessee law. Moreover, we see no connection between any purported Tennessee violation and the need to suppress evidence gathered before such purported violation occurred. Consequently, this argument too fails.
 {¶ 17} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Arlene Singer, J., William J. Skow, J., George M. Glasser, J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio. *Page 1